

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00347-CV

## IN THE INTEREST OF K.W., D.W. AND K.W., CHILDREN

**From the 77th District Court
Limestone County, Texas
Trial Court No. CPS-275-A**

## ABATEMENT ORDER

This is an appeal from an order terminating parental rights to children. It is an accelerated appeal with extremely short deadlines promulgated by the Supreme Court of Texas, *see* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2013). This appeal has been delayed too long due primarily to the failure of the court reporter to timely provide a complete and accurate record.

The reporter's record in this appeal was originally due on October 31, 2016. We had difficulty in obtaining the reporter's record from the reporter. On December 21, 2016, when our efforts to obtain the reporter's record had failed, we abated this appeal to the

trial court to determine, among other things, a date certain when the reporter's record would be filed. After the trial court's hearing, we finally received what was represented to be the complete reporter's record on December 29, 2016. As we later were informed, the record was not complete.

Appellant has filed a motion requesting this Court to order the reporter to file a corrected record because:

> 1. Volume 4 of the reporter's record containing testimony from October 13, 2016, lists 4 witnesses, but the following pages contain only the incomplete testimony of the first listed witness; and

> 2. Volume 5 of the reporter's record contains testimony from October 17, 2016, lists 4 witnesses, but the following pages contain only the incomplete testimony of the first listed witness.

It is the joint responsibility of this Court and the trial court to ensure that the appellate record is timely filed. TEX. R. APP. P. 28.4(b), 35.3(c). Further, this Court may enter any order necessary to ensure the timely filing of the appellate record. *Id*. 35.3(c). Because appeals in parental termination cases are accelerated appeals with extremely short deadlines promulgated by the Supreme Court of Texas, *see* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2013), we cannot further delay in ensuring that the appellate record is timely filed.

We cannot stress enough how important it is to receive a complete and accurate record in a timely manner in appeals of the termination of parental rights. Thus, instead of directing the reporter to correct the reporter's record, we again **ABATE** this appeal to

the trial court which is **ORDERED** to hold a hearing as soon as practicable, but not later than 7 days after the date of this Order to determine:

1) why the reporter's record that was filed on December 29, 2016 was incomplete;

2) a date certain when a corrected reporter's record which includes the missing testimony described above can reasonably be transcribed into written form and filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving appellants of their right to appeal;

3) if the reporter should be held in contempt for failing to timely file a complete and accurate reporter's record by the date previously due; and

4) if the reporter's record is lost or destroyed as defined and described by Texas Rule of Appellate Procedure 34.6(f), and if so, whether an appropriate remedy can be utilized so that appellants may timely pursue the merits of the appeal or whether a new trial will be required.

The trial court must order Jonette C. Jackson to file the corrected record by the date determined. Further, the trial court must inform Jackson of the consequences of failing to file the corrected record by the date determined and ordered. Those consequences include:

(1) abating the proceeding yet again to the trial court for a contempt of court hearing;

(2) imposing a lump sum monetary fine;

(3) imposing a daily fine for each day the record is late beyond the date previously determined by the trial court; and

(4) confinement in jail until the record is completed.

The trial court shall require the hearing to be transcribed by the court's official

court reporter. To the extent necessary or pertinent to obtaining compliance with the rules regarding preparation of the reporter's record, the trial court must: (1) prepare findings of fact and conclusions of law addressing the above issues; (2) require the preparation of a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in the matter; and (3) require the preparation of a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court's findings and orders must be provided to the trial court clerk within 7 days from the date of the hearing.

The trial court clerk is ORDERED to prepare and file a supplemental clerk's record containing the written findings and orders of the trial court in this Court within 14 days from the date of the hearing.

Further, the trial court's official reporter is ORDERED to prepare and file with the Clerk of this Court a record of the hearing held within 14 days from the date of the hearing.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal abated
Order issued and filed February 1, 2017

